RAFAEL ATILES MORÉU, Appellant, *v.* REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. 994.—Submitted April 22, 1937.—Decided May 28, 1937.

*R. Atiles Moréu* in his own behalf. The registrar appeared by brief.

632

Mr. Justice Hutchison delivered the opinion of the court.

 Section 91 of the Code of Civil Procedure provides that the plaintiff "in an action affecting the title or the right of possession of real property . . . may file for record with the registrar of the district in which the property or some part thereof is situated, a notice of the pendency of the action." In the instant case a registrar of property refused to make the corresponding entry concerning such a notice on the ground that section 91 does not authorize the making of an entry in the case of an action for the recovery of money. Plaintiff, however, prayed not only for a money judgment but also for injunctive relief and the complaint contains certain averments tending to support the prayer for injunctive relief.

Plaintiff, an attorney at law, alleged that at the instance and request of defendants, the heirs of Federico Font Delert, he had rendered certain professional services in connection with certain testamentary matters, some of which might or might not be regarded as preliminary to a partition of the estate and that all of these professional services had been acknowledged and accepted as satisfactory by defendants who "had ratified their conformity and satisfaction therewith on various occasions." Plaintiff further alleged:

"12.—That he is a creditor of the estate, and his claim has not been satisfied, and the defendants threaten to proceed to make the inventory, the valuation, liquidation, division, and adjudication of the property, without including this claim in the inventory, liquidation, or division of the property and without paying or securing the payment of this claim. That the defendants are not willing to make the partition, mentioning in it the existence of this suit and of this claim, it being the intention of the defendants to injure third parties by these acts."

Plaintiff, after requesting a money judgment, also prayed the court:

"(b) That it order and decree that the partition of the estate be not made until plaintiff's claim is paid or secured; or that sufficient property be allotted for the payment of this claim.

"(c) That in the absence of pronouncement (b), if the court does not consider it proper, the existence of this suit and this claim be mentioned in the deed of partition, inasmuch as upon the rendering of a judgment in this case, the claim of the plaintiff will be a credit recognized in a judgment, which judgment credit will be a charge upon the estate, directly affecting the title to said property."

Sections 1017 and 1035 of the Civil Code (1930 ed.) read as follows:

"Section 1017.—The costs of the division, made for the common interests of all the coheirs, shall be deducted from the estate; those made for the particular interest of one of them shall be defrayed by the same.

"Section 1035.—Creditors, recognized as such, may oppose the division of the inheritance until they are paid or the amount of their credits is secured."

Whether or not the cost of professional services rendered in connection with matters preliminary to a partition of the estate should be deemed a part of "the costs of the division, made for the common interests of all the coheirs" and whether or not plaintiff was a creditor "recognized as such" are debatable questions. If the district court should decide either of these questions in plaintiff's favor and should grant any part of the relief sought under subdivisions (b) and (c) of the plaintiff's prayer, it could hardly be said that the action would not affect "the title or right of possession of real property." Any question concerning the sufficiency of the complaint is ordinarily, we think, a question for the court, not for the registrar. Where no such question is involved, the registrar is, of course, free to determine whether or not the complaint affects "the title or right of possession of real property." If in the instant case the prayer had been for a money judgment only or if the complaint had contained no averments tending in any way to support a prayer for other relief, the registrar would have been quite right in holding that the action did not affect "the title or right of possession of real property." He might also disregard obviously

sham averments inserted only as a pretext for filing a notice of *lis pendens*. Plaintiff's right to injunctive relief may or may not be extremely doubtful. It is enough to say that plaintiff is entitled to be heard in the district court as to the sufficiency of his complaint if demurred to or, in the absence of demurrer, to adduce evidence in support of his claim to injunctive relief.

The ruling appealed from must be reversed.

Mr. Justice Córdova Dávila took no part in the decision of this case.